IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00852-BNB

DOUGLAS M. THIGPEN,

    Applicant,

v.

CHARLES A. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Douglas M. Thigpen, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at United States Penitentiary in Florence, Colorado. He filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and paid the $5.00 filing fee. *See* ECF No. 1.

    On April 18, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Thigpen to show cause within thirty days why the instant application should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois (Northern District of Illinois), the sentencing court. On May 11, 2012, Mr. Thigpen filed his response to the order to show cause.

    The Court must construe Mr. Thigpen's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied.

According to www.pacer.psc.uscourts.gov (Public Access to Court Electronic Records), Mr. Thigpen pleaded guilty in the Northern District of Illinois to one count of bank robbery pursuant to 18 U.S.C. § 2113(a).  At sentencing, the district court found that:

> Thigpen had three prior convictions that qualified him for the application of the career offender guideline, U.S.S.G. § 4B1.1 (2004).  Specifically, the court determined that a 1990 conviction for robbery and a 1999 conviction for aggravated battery constituted crimes of violence for purposes of the career offender guideline, while a 1992 conviction for possession of a controlled substance with intent to deliver comprised a controlled substance offense.  Based on the resulting guideline range, the district court imposed a sentence of 151 months' imprisonment.  The district court also ordered restitution in the amount of $2,204, payable in sixty days.

*United States v. Thigpen*, No. 05-1866 (7th Cir. Aug. 7, 2006), published at 456 F.3d 766, 768 (7th Cir. 2006).  The amended judgment was entered on April 25, 2005.  *See United States v. Thigpen*, No. 03-cr-01084-1 (N.D. Ill. Mar. 24, 2005).

Mr. Thigpen appealed directly to the United States Court of Appeals for the Seventh Circuit (Seventh Circuit), which affirmed his sentence, but vacated the restitution order and remanded for the imposition of a proper restitution schedule.  *See Thigpen*, 456 F.3d at 771.  On January 8, 2007, the United States Supreme Court denied certiorari review.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by*

2

*McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Thigpen asks that (1) his 151-month sentence be vacated, (2) he be resentenced to 63-78 months of imprisonment, or (3) he be released because he already has served 78 months in prison. Although he claims otherwise, Mr. Thigpen is attacking the validity of his federal sentence.

As Magistrate Judge Boland pointed out in the April 18 show-cause order, Mr. Thigpen's request for relief is appropriate in a 28 U.S.C. § 2255 action, not a § 2241 action. The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id*. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d

1177, 1178 (10th Cir. 1999).

Mr. Thigpen fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The fact that the sentencing court denied his § 2255 motion, *see United States v. Thigpen*, No. 08-cv-00266 (N.D. Ill. Jan. 14, 2008), and the Seventh Circuit denied him a certificate of appealability and leave to proceed *in forma pauperis* on appeal, *United States v. Thigpen*, No. 08-1453 (7th Cir. July 21, 2008), does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Thigpen likely is barred from raising his claims in a motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the application will be denied and this action dismissed because Mr. Thigpen has an adequate and effective remedy pursuant to § 2255.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2241 filed by Applicant, Douglas M. Thigpen, is denied because Applicant has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois, the sentencing court.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   16th   day of     May         , 2012.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court